UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VILMA ANDERSON and JOHNNY CIVIL,

        Plaintiffs,
v.                      Case No. 8:13-cv-1500-T-33AEP

CUENCA SAFETY & CRIME
PREVENTION, INC. and RICARDO C.
VAZQUEZ,
        Defendants.
_____/

## ORDER

This cause is before the Court pursuant to Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Doc. # 18), which was filed on July 29, 2013. Plaintiffs filed a Response in Opposition to the Motion to Dismiss on August 12, 2013. (Doc. # 21). For the reasons that follow, the Court denies the Motion.

## I. Background

Plaintiff Vilma Anderson worked as a security supervisor for Defendants from December 2009, through July 2012. (Doc. # 14 at ¶ 16). Plaintiff Johnny Civil worked for Defendants as a security officer from October 2011, through May 2013. (Id. at ¶ 17). Both Plaintiffs claim that they worked in excess of forty hours weekly and were improperly classified as being exempt from overtime payments. Plaintiffs also assert that they were not paid minimum wages for all hours worked.

Plaintiffs filed an action for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201, 215 on June 7, 2013 (Doc. # 1) and filed an Amended Complaint pursuant to the FLSA and Florida law (Doc. # 14) on July 9, 2013. Defendants move to dismiss the Amended Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., based on the argument that Plaintiffs are not covered by the FLSA.

In regards to FLSA coverage, the Amended Complaint contains the following allegations:

> Plaintiffs were "engaged in the production of goods" for commerce within the meaning of Section 6 and 7 of the FLSA, and subject to the individual coverage of the FLSA. . . . Defendants were an "employer" within the meanings of the FLSA, and under Florida law and common law. Defendant Cuenca Safety & Crime Prevention, Inc. is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A) because, based on information and belief, at all times material hereto it had an annual gross volume of sales in excess of $500,000.00. Defendant Cuenca Safety & Crime Prevention, Inc. also has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. As part of their regular job duties for Defendants Plaintiffs routinely and regularly used and/or handled items moving in the stream of commerce including, cellular phones, office supplies, radios, guns, gun magazines, gun holsters, gun belts, gun ammunition, pepper spray, tasers and uniforms. Each of these items were used by Plaintiffs as a tool necessary for doing their respective jobs as employees of Defendants. Plaintiffs also regularly and recurrently used instrumentalities of interstate commerce, including both the telephone and Internet, in their work.

> Plaintiffs also traveled to various job sites via highways and purchased gasoline for vehicles using credit cards. Thus, Plaintiffs are also subject to the individual coverage of the FLSA.

(Doc. # 14 at ¶¶ 5-10).

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). In addition, courts are not "bound to accept as true a legal conclusion couched as a factual

allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). At the outset, the Court notes that the parties have provided documents external to the Amended Complaint at the motion to dismiss stage.  The Court declines to evaluate the extraneous documents and furthermore declines to advance this case to the summary judgment phase of the proceedings. As such, the Court will confine its analysis to the four corners of the Amended Complaint.

**III. Analysis**

In order to be eligible for FLSA overtime, an employee must demonstrate that he is covered by the FLSA. Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1299 (11th Cir. 2011). In order to demonstrate FLSA coverage, an employee must show "individual coverage" -- "that they were engaged in commerce or in the production of goods for commerce," or "enterprise coverage" -- that the defendant employer is an enterprise engaged in commerce. See 29 U.S.C. § 207(a)(1).  In this case, the Amended Complaint alleges both individual coverage and enterprise coverage. Likewise, in the Motion to Dismiss, Defendants challenge the existence of both

4

individual coverage and enterprise coverage.

**A.  Individual Coverage**

For an employee to be individually covered under the FLSA, that employee must be engaged in commerce or engaged in the production of goods for commerce. Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006)(citing 29 U.S.C. § 207(a)(1)). In the Amended Complaint, Plaintiffs alleged that they were "engaged in the production of goods for commerce." (Doc. # 14 at ¶ 5).

Under the FLSA, an employee is engaged in the production of goods for commerce when he is employed in "producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods or in any closely related process or occupation directly essential to the production thereof, in any State." 29 U.S.C. § 203(j).  Although not defined by the FLSA, the term "handled", when used for individual FLSA coverage, has been defined by the Supreme Court to mean "every kind of incidental operation preparatory to *putting* goods into the stream of commerce."  W. Union Tel. Co. v. Lenroot, 323 U.S. 490, 503 (1945)(emphasis added).

Plaintiffs support the legal conclusion that they were engaged in the production of goods for commerce with the allegation that Plaintiffs routinely and regularly used and/or

5

*handled* items moving in the stream of commerce, including cellular phones, office supplies, radios, guns, gun magazines, gun holsters, gun belts, gun ammunition, pepper spray, tasers, and uniforms. (Doc. # 14 at ¶ 8)(emphasis added). By alleging they have handled goods, and describing those goods, Plaintiffs allege they were engaged in operations incidental to putting goods into the stream of commerce. At this stage of the proceedings, Plaintiffs have met their burden. See Sec'y of Labor v. Labbe, 319 F. App'x 761, 763 (11th Cir. 2008)(reversing the dismissal of a FLSA action and explaining that "[t]he requirements to state a claim of a FLSA violation are quite straight forward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees. . . . There is no need to prove intent or causation that might require more extensive pleading.").

**B. Enterprise Coverage**

As noted, Plaintiffs have also alleged that they are covered by the FLSA because Defendant Cuenca Safety & Crime Prevention, Inc. is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A). An employer falls under the enterprise coverage provision of the FLSA if it (1) "has employees handling, selling, or otherwise working on goods or

6

materials that have been moved in or produced for commerce by any person" and (2) has at least $500,000.00 of "annual gross volume of sales made or business done." Polycarpe v. E & S Landscaping Serv., Inc., 616 F.3d 1217, 1220 (11th Cir. 2010). Although enterprise coverage under the FLSA has two requirements, Defendants' Motion to Dismiss only challenges the sufficiency of the second prong, the "dollar test."

In Dobbins v. Scriptfleet, Inc., No. 8:11-cv-1923-T-24-AEP, 2012 U.S. Dist. Lexis 23131, at *2 (M.D. Fla. Feb. 23, 2012), the court evaluated a motion to dismiss filed in an FLSA action under a Rule 12(b)(6). In Dobbins, the plaintiffs alleged, "based on information and belief" that the defendant had annual gross sales in excess of $500,000. Id. at *5. Similar to the Defendants in this case, Scriptfleet asserted that the FLSA plaintiffs were required to meet more stringent pleading requirements. However, the Dobbins court roundly rejected Scriptfleet's assertion, citing Labbe and the "straight forward" requirements for pleading a FLSA action. This Court likewise declines to augment Plaintiffs' burden at the pleadings stage. See Ceant v. Aventura Limousine & Transp. Serv., Inc., 874 F. Supp. 2d 1373, 1378 (S.D. Fla. 2012)("The Court also rejects Defendants' call for more particular allegations as to the $500,000 gross annual revenue

7

requirement for enterprise coverage. . . . Plainly, [plaintiff] need not know for certain, nor prove, that [defendant] has annual gross revenues exceeding $500,000 at the pleading stage, especially since that information is likely in Defendants' hands, not [plaintiff's]."). Here, because Plaintiffs have sufficiently alleged both individual and enterprise coverage under the FLSA, the Court denies the Motion to Dismiss.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Doc. # 18) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>9th</u> day of October, 2013.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record