```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION
```

VILMA ANDERSON and JOHNNY CIVIL,

      Plaintiffs,
v.                             Case No. 8:13-cv-1500-T-33AEP

CUENCA SAFETY and CRIME
PREVENTION, INC. and RICARDO C.
VAZQUEZ,

      Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice (Doc. # 38), filed on December 27, 2013. The Court grants the Motion.

**I.**   **Background**

Plaintiffs Johnny Civil and Vilma Anderson filed this Fair Labor Standards Act case against Defendants Cuenca Safety & Crime Prevention, Inc. and Ricardo C. Vazquez on June 7, 2013. (Doc. # 1). The Court issued its FLSA Scheduling Order on June 20, 2013. (Doc. # 6). Plaintiffs filed Answers to the Court's Interrogatories on July 19, 2013. (Doc. ## 16, 17). Defendants filed their Verified Summary on July 31, 2013. (Doc. # 20).

Defendants also filed a Motion to Dismiss the Complaint on June 27, 2013. (Doc. # 9). Plaintiffs filed an Amended Complaint on July 9, 2013 (Doc. # 14), which mooted the Motion

to Dismiss. (Doc. # 15).  Defendants reasserted the Motion to Dismiss on July 29, 2013. (Doc. # 18). The Court denied the Motion to Dismiss on October 9, 2013. (Doc. # 27).  Defendants filed their Answer, Affirmative Defenses, and Counterclaim for tortious interference with a business relationship on October 23, 2013. (Doc. # 28).  Plaintiffs filed a Motion to Dismiss the Counterclaim on November 4, 2013. (Doc. # 29).  Defendants filed an Amended Answer, Affirmative Defenses, and Counterclaim on November 7, 2013, mooting the Motion to Dismiss. (Doc. ## 31, 33).

The parties participated in a mediation presided over by Mark Hanley, Esq. on December 5, 2013, and reached a full settlement. (Doc. # 36).  At this juncture, the parties request Court approval of their settlement. (Doc. # 38).

**II. <u>Analysis</u>**

Plaintiffs allege that Defendants violated the terms of the Fair Labor Standards Act.  Accordingly, any settlement reached between the parties is subject to judicial scrutiny. <u>See</u> <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1353 (11th Cir. 1982).  The parties have reached a settlement wherein it is agreed that Anderson will receive $5,000.00, Civil will receive $5,000.00, and Plaintiffs' counsel will receive $10,000.00 for attorney's fees.

In the Motion, the parties represent that the attorney's

fees to be paid as part of the resolution of Plaintiffs' claims were negotiated and agreed upon by the parties separately from the amount to be paid to Plaintiffs. The parties also provide a detailed discussion of the issues that they considered in reaching the settlement, including "the probability of success on the merits, and the complexity, expense, and length of future litigation." (Doc. # 38 at 4).

Pursuant to <u>Bonetti v. Embarq Management Company</u>, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1] The settlement is fair on its face and represents a reasonable compromise of the parties' dispute. As requested by the parties, the Court dismisses the case with prejudice.

Accordingly, it is

**ORDERED ADJUDGED** and **DECREED:**

---

[1] In <u>Bonetti</u>, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.

(1) The parties' Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice (Doc. # 38) is **GRANTED**.

(2) The parties' settlement is approved. This case is dismissed with prejudice.

(3) The Clerk is directed to terminate all pending motions and to **CLOSE THE CASE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 31st day of December, 2013.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record